## ROSE RYDER, APPELLANT, *v.* HUGH M. THOMAS, RESPONDENT.

*Owner of real estate — liability of, for acts of contractor in doing work upon it.*

The defendant made a contract with one Clynes by which the latter agreed to raise a house, belonging to the former, four feet. The contractor dug a trench in the sidewalk next to the house about two feet wide and of about the same depth and threw the earth upon the sidewalk. The excavation was left unguarded and the plaintiff fell into it and was injured. The defendant did not authorize the trench to be dug, nor did he know of its having been made until after the accident. Its digging was not necessary to the performance of the contract. *Held*, that the defendant was not liable.

The owner of real estate is not liable for acts of a contractor employed to do work upon it unless (1), the contractor is his employe, or (2), unless the work, as authorized by the contract, necessarily produced the injury, or (3), unless the injuries were occasioned by the omission of some duty imposed upon him.

Appeal from a judgment in favor of the defendant, entered upon the report of a referee.

The action was brought to recover damages sustained by the plaintiff, from falling into a trench in the sidewalk in front of a building belonging to the defendant.

*Edward Nicoll*, for the appellant.

*A. T. Payne*, for the respondent.

Barnard, P. J.:

The rule that an owner of real estate is subjected to liability for any injury, resulting from negligence, done in the performance of work for the benefit of the land, is not now recognized. (*King* v. *N. Y. Central Railroad*, 66 N. Y., 181.) By the same case it is established, that if the person who was the immediate cause of the injury was a contractor, engaged in performing a contract to do a specific work, the relation of master and servant is not created by the contract between the parties, and that the other party is not liable for the contractor's negligence. Applying these principles to the evidence in this case, the disposition of it by the referee seems to have been right. The defendant made a contract with one Clynes to raise a building belonging to defendant in Long Island City. It was not necessary to interfere with the sidewalk or street to perform the contract. The building was to be raised four feet from a point about one foot above the level of the sidewalk. The contractor dug a trench in the sidewalk next to the house about two feet in width and about of the same depth, and threw the earth excavated upon the sidewalk. The excavation was left unguarded at night and the plaintiff fell into it and was injured. Defendant did not dig or authorize the digging of the ditch and did not know of its being done, until the next morning after the injury. The excavation was made in the afternoon or evening of the day when the injury happened. Defendant is not chargeable.

for the neglect of the contractor in doing work upon his lands, unless he is first, either the employer, or second, unless the work as authorized by the contract necessarily produced the injury, or third, unless the injuries were occasioned by the omission of some duty imposed upon him. (*McCafferty* v. *Spuyten Duyvil and P. M. R. R. Co.*, 61 N. Y., 178.) Defendant is not the master, as we have seen. The work did not necessarily occasion the injury. It did not require it to be done. The contract did not require it to be done in the way the contractor did it. It was an act purely collateral to the work called for by the contract. Lastly, the defendant omitted no duty. The act was done without his knowledge or assent and by some one unknown to him. If the defendant had known of the creation of a nuisance in the street he would have been chargeable under the cases for not abating it at once or guarding it. The case lacks this element of liability.

The judgment should be affirmed, with costs.

GILBERT and DYKMAN, JJ., concurred.

Judgment affirmed, with costs.